WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Gordon Leroy Hall,

    Plaintiff,

v.

United States of America,

    Defendant.

No. CV-18-01738-PHX-SPL (ESW)

**ORDER**

Pending before the Court is Plaintiff's "Motion for Rule 11 Sanctions" (Doc. 23). "Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, without factual foundation or brought for an improper purpose." *Petrella v. Metro–Goldwyn–Mayer, Inc.*, 695 F.3d 946, 957 (9th Cir. 2012), *reversed on other grounds*, 132 S.Ct. 1962 (2014). The party moving for Rule 11 sanctions bears the burden of proof and persuasion. *See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987) (finding that burden of proving Rule 11 sanctions were not justified was erroneously placed on non-moving party); *Rich Art Sign Co. Inc. v. Ring*, 122 F.R.D. 472, 474 (E.D. Pa. 1988) (denying motion for sanctions where defendants failed to prove that claim was frivolous); *Phinney v. Paulshock*, 181 F.R.D. 185, 197 (D.N.H. 1998) (stating that "[i]n general, the burden of proof is on the party seeking the sanction").

Plaintiff's vague and conclusory allegations set forth in his Motion (Doc. 23) are

insufficient to support Rule 11 sanctions. *See Rich Art Sign Co.*, 122 F.R.D. at 474 (finding that the defendants' "allegations and innuendoes ... are insufficient to impose Rule 11 sanctions"). Plaintiff may not shift to the Government the burden of proving that sanctions are not justified. *See Tom Growney Equip., Inc.*, 834 F.2d at 837 (reversing an award of Rule 11 sanctions where, among other errors, the burden of proving the sanctions were not justified was erroneously placed on the non-moving party).

Accordingly,

**IT IS ORDERED** denying Plaintiff's "Motion for Rule 11 Sanctions" (Doc. 23).

Dated this 29th day of March, 2019.

_____
Eileen S. Willett
United States Magistrate Judge